Charles W. **GLANKLER** et al.

v.

**CITY OF MEMPHIS, a Municipal Corporation, et al.**

Supreme Court of Tennessee.

June 5, 1972.

Hanover, Walsh, Barnes & Jalenak, Memphis, for the appellants-petitioners.

James M. Manire, City Atty., Myron A. Halle, Jr., Asst. City Atty., William W. Farris and Homer Boyd Branan, III, Farris, Hancock & Gilman, Memphis, for appellees-respondents.

## OPINION

McCANLESS, Justice.

The petitioners are a number of owners of single family homes located adjacent to an undeveloped tract of 13.7 acres within the corporate limits of Memphis. The defendants are the City of Memphis, the Mayor, the members of the City Council, the members of the City Board of Adjustment, the City Building Inspector, and Rainey Bros. Construction Co., Inc., the owner of the tract.

Before its purchase by Rainey Bros. Construction Co., Inc., the city had zoned

the property R–1A, restricting its use to single family homes. After the present owner acquired title it sought to have the zoning changed to a classification designated R–3A, which would allow the tract to be used for the construction of apartment units. The attempt to accomplish this zoning change was unsuccessful.

The owner appealed to the Board of Adjustment for a variance in the zoning on the ground of hardship. After a hearing the board granted the variance.

The petitioners sought, by the common law writ of certiorari, a review of the board's action alleging that in granting the variance the board had acted beyond its jurisdiction and illegally. The Circuit Court considered the record of the board, dismissed the petition, and the petitioners perfected their appeal to the Court of Appeals.

The Court of Appeals affirmed the judgment of the Circuit Court expressing the opinion that the appeal must be dismissed both (1) because there was no motion for a new trial and (2) because there was material and substantial evidence before the Board of Adjustment upon which it could base its order granting the variance. We granted certiorari.

(1) We first consider the question presented to the Court of Appeals and now to us by the defendants' motion to dismiss which they made on the ground that the petitioners had not made a motion for a new trial in the Circuit Court. The question is: Is it necessary, in an appeal from an adverse judgment in a suit for review by the common law writ of certiorari, that the appellants have made a motion for a new trial?

The Court of Appeals were of opinion that a motion for a new trial was necessary and that failure of the appellants to make such a motion was grounds for dismissing the appeal. They cited and relied on two opinions: Shelton v. Mooneyhan,

205 Tenn. 425, 326 S.W.2d 825 [1959], and City of Memphis v. Sherwood Building Corp., 208 Tenn. 17, 343 S.W.2d 869 [1961]. It will be noticed that the Court delivered both these opinions before the effective date of Chapter 143 of the Public Acts of 1965 by which the General Assembly amended Section 27–303, T.C.A. That section, with the language added by the amendment emphasized, is as follows:

"*Nonjury cases taken to Court of Appeals—Hearing de novo.*—All cases tried in a court of record without the intervention of a jury, whether in a court of equity or a court of law and whether tried according to the forms of chancery or according to the forms of law, jurisdiction to review which is in the Court of Appeals, shall be reviewed upon a simple appeal, as now provided in equity cases. *In all such cases* no motion for a new trial shall be necessary *as a prerequisite to a review of either the final judgment or any order of the court preliminary thereto,* but when the case is tried on oral evidence a bill of exceptions shall be filed and included in the transcript. In all such cases the hearing of any issue of fact or of law in the appellate court shall be de novo upon the record of the trial court, accompanied by a presumption of the correctness of the judgment or decree of the trial court, unless the preponderance of the evidence is otherwise."

■ The effect of the opinions cited by the Court of Appeals was to treat as a separate class, not within the purview of Section 27–303, all cases by which review by the common law writ of certiorari was sought. The important change was that the section as amended would apply to all cases—to those for the common law writ of certiorari as well as to all others tried without the intervention of a jury. The word "all" as used in the section as amended is to be given its ordinary meaning; the word admits of no exception.

Mr. Chief Justice Neil in Moto-Pep, Inc. v. McGoldrick, 202 Tenn. 119, 303 S.W.2d 326 [1957], wrote:

"The authorities are well nigh universal in holding that the words of a statute are to be taken in their natural and ordinary sense, without any forced or subtle construction to limit or extend their import."

We are of opinion, therefore, and hold that in this, a suit to review by means of the common law writ of certiorari, a motion for a new trial was not prerequisite to the appeal.

 (2) The Board of Adustment of the City of Memphis is an administrative body which enjoys a wide latitude and great discretion in the granting of variances from the zoning regulations when it finds that such regulations impose unnecessary restraint or hardship. It is not an unlawful delegation of authority to confer on such a board jurisdiction to hear and determine appeals. Reddoch v. Smith, 214 Tenn. 213, 379 S.W.2d 641 [1964].

The evidence which the board considered indicates that the 13.7 acre tract, though located in a residential neighborhood, is not developed. It lies below the flood plain and in order for it to be developed it must be filled at a cost of more than $300,000.00. It could be divided into thirty-six single family residential lots but at a cost that would make such use prohibitive. There is evidence that the construction and use of the proposed apartments would not impose any undue burden on existing transportation facilities and would not constitute a traffic hazard.

The board found that it was in the public interest to grant the variance so as to permit the construction of the apartments.

The trial judge considered the record and found that there was substantial evidence to support the board's action in granting the variance, that the board had weighed all relevant factors and had placed such conditions on the variance that appeared to be in the general public interest, and that the board had not acted arbitrarily or capriciously.

The test of this proceeding is to determine whether the Board of Adjustment of the City of Memphis exceeded the jurisdiction conferred or acted illegally. Section 27–801, T.C.A. We find, as did the Circuit Court and the Court of Appeals, that it did not. McGee v. State, 207 Tenn. 431, 340 S.W.2d 904 [1959].

We have considered all the petitioners' assignments of error and, with the exception of the one that challenged that part of the opinion that held that a motion for a new trial was prerequisite to appeal, we overrule them.

We affirm the judgments of the Circuit Court and of the Court of Appeals.

DYER, C. J., CHATTIN and CRESON, JJ., and JENKINS, Special Judge, concur.