**Nell P. HOUSTON et al., Appellants,**

v.

**MEMPHIS AND SHELBY COUNTY BOARD OF ADJUSTMENT et al., Appellees.**

Court of Appeals of Tennessee,
Western Section.

July 26, 1972.

Certiorari Denied by Supreme Court
Dec. 18, 1972.

Apperson, Crump, Duzane & Maxwell, Memphis, for appellants.

Frierson M. Graves, Jr., John J. Thomason, Tom P. Mitchell, Hanover, Walsh, Barnes & Jalenak, and Laughlin, Garthright, Halle & Regan, Memphis, for appellees.

MATHERNE, Judge.

The Memphis and Shelby County Board of Adjustment granted a variance to the zoning ordinance of the City of Memphis so as to allow the owners of a lot located at

the northeast corner of the intersection of Summer Avenue and Graham Street to construct thereon an automobile service station. The lot in question is zoned R–4A, multi-family residential. The owners in 1961 constructed a two-story ten-unit apartment building on the lot, which building has been and is now being used in conformity with the use permitted by the R–4A classification. The protestants, other landowners in the vicinity, filed a petition for writ of certiorari, and the Circuit Court affirmed the action of the Board. The protestants appeal to this Court, and the issue is whether the Board of Adjustment exceeded its jurisdiction or acted illegally, arbitrarily or fraudulently. Reddoch v. Smith (1964) 214 Tenn. 213, 379 S.W.2d 641.

The appellees filed a motion to dismiss this appeal because the appellants did not move for a new trial in the Circuit Court. This motion is overruled on authority of Glankler v. City of Memphis (Tenn.1972), 481 S.W.2d 376.

In the *Reddoch* and *Glankler* cases, supra, the Supreme Court made the following holdings as pertain to the Memphis and Shelby County Board of Adjustment: (1) It is an administrative body; (2) No legislative authority was delegated to it; (3) It cannot formulate or revise a zoning ordinance, but under the statutes and ordinances creating the Board, it does have the power to grant a variance from a zoning ordinance where there are *practical difficulties or unnecessary hardships* in the way of carrying out the strict letter of the ordinance as applicable to a certain lot and the use to which it is zoned; and (4) The Board's decision becomes final on the facts, and review is by common law writ of certiorari (T.C.A. § 27–801).

■ We conclude the established law of this State to be that on a review of the action of a board or commission by common law writ of certiorari, the reviewing court is limited to the question of whether the board or commission exceeded its jurisdiction, or acted illegally, arbitrarily or fraudulently; and if upon an examination of the evidence before the board or commission, the court finds any material evidence to sustain the finding there made, the court must affirm the board or commission. T.C.A. § 27–801; Hoover Motor Express Co. v. Railroad & Public Utilities Commission (1953) 195 Tenn. 593, 261 S.W.2d 233; City of Memphis v. Sherwood Building Corp. (1960) 208 Tenn. 17, 343 S.W.2d 869; Reddoch v. Smith, supra; Glankler v. City of Memphis, supra.

■ The facts reveal the subject lot has a frontage of 179 feet along Summer Avenue, and a depth of 140 feet along Graham Street; and due to the R–4A required setbacks, the usable portion of the lot is limited to a frontage of 140 feet on Summer and a depth of 60 feet along Graham. We note the owners did not apply for a variance in the setback requirements of the R–4A classification, but rather they argue those requirements justify a variance in the use of the lot. The owners argue the R–4A setback requirements render the lot useless for multi-family apartment buildings because it is impossible to construct enough units on the usable portion of the lot to result in a profitable operation. Accepting financial loss as proven, which fact is not established in the record, we conclude pecuniary loss alone does not of itself establish a case of practical difficulty or unnecessary hardship as a ground for granting a variance. Reddoch v. Smith, supra.

The owners presented proof before the Board that the noise and traffic on Summer and Graham made the location undesirable for an apartment house. Based upon this complaint the owners proved three tenants have moved from the apartment building. The owners aver and argue they cannot obtain and keep desirable tenants due to this congested traffic. The proof reveals the apartment building is fully occupied. Of the nine tenants in residence (one apartment is occupied by the manager), two families had a tenure of less than two years; five for two to four years; and, two for six years. The proof

further revealed that five other apartment buildings on the north and south sides of Summer and in the immediate vicinity of the subject property containing 6, 10, 30, 32, and 240 units respectively are all fully occupied. There is no material evidence that the owners cannot maintain a high percent occupancy in the subject property.

The owners presented proof that the area surrounding the subject property was practically all commercial, and there were statements to the effect the R–4A classification of the subject property was error, and the property was improperly zoned. The record reveals unsuccessful attempts by the owners to have the property rezoned in 1966, 1967, and 1968. The record also reveals an application by the owner to the Board of Adjustment in 1970 for a variance as presently sought, which application was denied. There is no proof the surrounding area has materially changed since 1970. The two corners of the intersection of Summer and Graham situated on the south side of Summer are commercial. On the north side of Summer and the west side of Graham is located the Grahamwood public school. The subject property is surrounded by R–2 and R–4 residential zoning. There is no material evidence the subject property is erroneously zoned considering the surrounding area, the uses made of adjoining property, and the purposes for which the subject property may be used.

The *Reddoch* and *Glankler* cases, supra, are distinguishable from the case at bar. In *Reddoch*, supra, the owner had tried for a period of eight years to sell the property as limited to its zoned uses. The property was not being used, and under the proof could not be used, for the purposes for which it was zoned. In the *Glankler* case, supra, the property was not being used for the purposes for which it was zoned, and could not be so used, without the expenditure of $300,000.00, which rendered that use infeasible. In both of those cases the owners suffered practical difficulty and unnecessary hardship because of the zoning, and a variance was justified. In both of those cases the zoning denied the owners of any beneficial use of their property. In the case at bar, the property is being used for the purpose for which it is zoned; the only evidence of hardship is that the owners receive a low return on their investment, which fact standing alone will not justify a variance. Reddoch v. Smith, supra. Otherwise the proof consists of statements, letters, affidavits, and allegations to the effect the property is improperly zoned. The substance of the proof and the finding by the Board is that the apartment house enterprise would be more profitable on a larger lot; the apartments would be more desirable on a different location; the best use of the property is commercial; the construction and operation of a service station on the property would not adversely affect the protestants nor the area in the immediate vicinity thereof.

We conclude there was no material evidence before the Board from which it could find the owners suffered practical difficulties or unnecessary hardships due to the zoning restrictions placed on the subject property. It is only when the Board can justify its finding of practical difficulty or unnecessary hardship that it has the authority to grant a variance; the record fails to show a hardship unique to the subject property. The Board in the instant case exceeded its jurisdiction and did attempt to zone the subject property, which is a legislative prerogative denied the Board. Reddoch v. Smith, supra.

We therefore conclude the Board erred in granting the variance, and the petition for writ of certiorari should have been granted and the decision of the Board reversed. The judgment of the Circuit Court and the Resolution of the Board are reversed, and the application for the variance to the zoning ordinance is denied and dismissed. All costs in this cause are adjudged against the owners of the subject property.

CARNEY, P. J., concurs.

NEARN, J., not participating.