IN THE COURT OF APPEALS
AT KNOXVILLE

KENNETH CULBERT )   CARTER COUNTY
 )   03A01-9801-CV-00018
   Plaintiff-Appellant )
 )
 )
v. )   HON. G. RICHARD JOHNSON
 )   CHANCELLOR
 )   (Sitting by Interchange)
CARTER COUNTY, TENNESSEE, et al. )
 )
   Defendants-Appellees )   AFFIRMED AND REMANDED

**FILED**

Dec. 31, 1998

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

LOIS B. SHULTS OF ERWIN FOR APPELLANT

GEORGE F. DUGGER, JR., OF ELIZABETHTON; JAMES H. EPPS, III, OF JOHNSON
CITY; ROBERT L. ARRINGTON and ANGELA R. KELLEY OF KINGSPORT FOR
APPELLEES

O P I N I O N

Goddard, P.J.

The appellant, Mr. Kenneth Culbert, appeals from an order of the Circuit Court of

Carter County granting Carter County's motion to dismiss or for summary judgment of Mr.

Culbert's appeal of a decision of the Carter County Planning Commission by a writ of certiorari.

Mr. Culbert is one of several owners of a tract of land in Carter County,

Tennessee.  Mr. Culbert's application to build the Roland Acres Mobile Home Park upon this

land was denied by the Planning Commission.

Prior to June 20, 1994, Mr. Culbert submitted a preliminary plan for Roland Acres Mobile Home Park to the Planning Staff for consideration by the Planning Commission. Consideration of the plan for the this mobile home park first appeared on the Planning Commission's agenda on June 20, 1994. At this meeting, the Commission noted Mr. Culbert's use of this property would not be permitted by the proposed zoning ordinance for Carter County. The original draft for this zoning ordinance was submitted by the Planning Commission to the Carter County Board of Commissioners in October of 1993. A map displaying the proposed zoning districts was posted, and thereafter amended as necessary, in the County Planning Office. The property at issue in this case was consistently zoned for single family residences, excluding mobile homes. At the time of Mr. Culbert's application, the proposed ordinance was nearing its final form. The Planning Commission certified the ordinance in its final form on July 14, 1994, and submitted the ordinance to the Carter County Board of Commissioners. This proposed ordinance was adopted on September 29, 1994.

The Planning Commission took no action on Mr. Culbert's proposal in the meeting of June 20, 1994. On July 18, 1994, the Commission established a subcommittee to study Mr. Culbert's proposal and report its findings at the next commission meeting. On August 15, the Commission stated several defects in the plan submitted by Mr. Culbert, and once again noted that the use of the land sought by Mr. Culbert was inconsistent with the pending ordinance. The Commission postponed consideration of Plat approval until August 22, 1994, in order to obtain an opinion from the county attorney on whether approval could be denied based on the "pending ordinance" doctrine. On August 22, 1994, the Commission denied approval of the plan for the following reasons:

> There is pending before the Carter County Commission a zoning resolution or ordinance, which resolution for zoning has been recommended by the planning commission. If this zoning resolution is passed by the county commission of Carter County, the 91-lot mobile home park will be in violation thereof.

The approval of the proposed 91-lot mobile home park would not promote the public health, safety, moral and general welfare of Carter County.

Also, approval of the proposal of the proposed 91-lot mobile home is denied because the developer, Kenneth Culbert, has failed to comply with other rules and regulations of this planning commission.

On March 23, 1995, after the Committee denied approval of the mobile home park, Mr. Culbert filed suit in the Circuit Court for Carter County in Elizabethton against Carter County, members of the Carter County Planning Commission, and members of the Carter County Board of Commissioners. In his complaint, Mr. Culbert sought the issuance of a common law writ of certiorari by the Trial Court. Carter County answered the complaint, and filed a motion to dismiss or for summary judgment as to all of Mr. Culbert's claims alleging that he had failed to state a claim for which relief could be granted or had not raised a genuine issue of material fact for trial.

On October 28, 1995, the Circuit Court issued the writ of certiorari. On November 12, 1996, the Circuit Court heard Carter County's motion. At the conclusion of the hearing, the Chancellor granted the motion on all grounds asserted. The Court entered a judgment dismissing all claims on December 18, 1996.

On January 16, 1997, Mr. Culbert filed a motion for a new trial, amendment of order, rehearing or issuance of the permit sought. In this motion, Mr. Culbert asked only that the Circuit Court change its ruling on the dismissal of his petition to overturn the Commission's denial of approval for the Roland Acres Mobile Home Park pursuant to the writ of certiorari. The Chancellor heard, and denied Mr. Culbert's motion on June 18, 1997. An order denying this motion was entered on August 6, 1997. Mr. Culbert filed his notice of appeal on September 4, 1997.

3

Even though we question the timeliness of the plaintiff's application for certiorari to the Carter County Circuit Court, we find it necessary to only address the following issue presented by Mr. Culbert:

Whether the Planning Commission's denial of Mr. Culbert's plan for the Roland Acres Mobile Home Park was supported by material evidence.

Under the record developed in this case, our scope of review under common law writ of certiorari is limited to determining whether the administrative commission has acted without material evidence to support its decision. See Watts v. Civil Serv. Bd. for Columbia, 606 S.W.2d 274 (Tenn.1980); Houston v. Memphis and Shelby County Bd. of Adjustments, 488 S.W.2d 387 (Tenn.Ct.App.1972); Hoover Motor Express Co. v. Railroad and Pub. Util. Comm'n, 195 Tenn. 593, 261 S.W.2d 233 (1953). Where there is material evidence to support the administrative board or commission's determination and it has not exceeded its jurisdiction, then the result must be affirmed. Houston, 488 S.W.2d at 388.

Furthermore, summary judgment is appropriate only when it is shown that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." T.R.C.P. 56.03 (1984). In ruling on a motion for summary judgment, all the evidence must be viewed in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. See Graves v. Anchor Wire Corp. of Tennessee, 692 S.W.2d 420, (Tenn.App.1985); Bennett v. Mid-South Terminals Corp., 660 S.W.2d 799, (Tenn.App.1983). Further, if reasonable minds can differ on the inferences which can be drawn from undisputed facts, summary judgment is inappropriate.

Neither party disputes that Mr. Culbert was the sole applicant to appear before the Planning Commission when seeking to establish the Roland Acres Mobile Home Park. It is also undisputed that Mr. Culbert pursued the application for the park in his own name. Upon

4

examination of the record, Mr. Culbert was clearly not the sole owner of the property on which the Roland Acres Mobile Home Park was to be built. Cora Culbert, Mr. Culbert's wife, and Brian Culbert, his son, also possessed interests in this property. Section 4(a) of Chapter 198 of the Private Acts of the State of Tennessee of 1992 requires that "*[t]he owner* of the land parcel proposed for a mobile home park shall submit a plan for development to the Carter County Planning Commission. . . ." Section 9 of the same Private Act states "[t]he provisions of this act shall supersede any less stringent provisions of any ordinance of Carter County." While the subdivision regulations for Carter County included in Chapter 360 of the Tennessee Private Acts of 1972 allows any owner of a plat to submit a proposal for the establishment of a subdivision, Mr. Culbert's proposal for the establishment of a mobile home park must meet the stricter guidelines of Chapter 198 of the Private Acts of Tennessee of 1992.

Mr. Culbert asked the trial court to allow any owner of a tract submit a plan for a mobile home park even though the act required submission by "the owner." The Trial Court responded by stating:

> I can't -- I have no authority to add something to the act or to read something into it that isn't there. It's my obligation to read the words of the act in their common, everyday meaning and not to add or detract from anything that the act says from it's plain, obvious meaning.

For this reason, the Trial Court properly found that, under the undisputed facts, there was evidence presented to support the Commission's denial of the proposal of the Roland Acres Mobile Home Park for failure to comply with rules and regulations of the planning commission.

We agree that the undisputed facts support the Commission's denial of Mr. Culbert's application. The undisputed facts show that Mr. Culbert's application to the Commission was facially improper according to Section 4(a) of Chapter 198 of the Private Acts of the State of Tennessee of 1992 for failure to include Cora Culbert and Brian Culbert, both of whom have an interest in the property in question. We believe that material evidence existed

enabling the Commission to find the plaintiff's application facially improper. As a result of the facially improper application, the Commission had no duty to act upon or even consider Mr. Culbert's application.

From the facts presented in the record, we find that the Commission had ample material evidence to support its decision to reject Mr. Culbert's facially improper application for failure to comply with the rules and regulations of the planning commission.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against Mr. Culbert.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
William H. Inman, Sr.J.