Town of East Ridge *et al. v.* City of Chattanooga *et al.*

(*Knoxville,* September Term, 1950.)

Opinion filed December 9, 1950.

J. F. Atchley, Fielding H. Atchley, Floyd Dixon, Jr., and Walter T. Wood, all of Chattanooga, for appellants.

J. W. Anderson, of Chattanooga, for City of Chattanooga.

SPEARS, REYNOLDS, MOORE & REBMAN, of Chattanooga, for Southern Coach Lines, appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

This appeal involves the right of citizens of the Town of East Ridge, a municipality and also a suburb of the City of Chattanooga, and other citizens of a community known as Red Bank, to file a bill in the chancery court seeking a decree adjusting "bus fares", as fixed by the Board of Commissioners of Chattanooga, the same being in response to a petition of the Southern Coach Lines. The complainants' prayer is that the rates fixed by the Board be set aside, modified and adjusted in a de novo hearing.

The Southern Coach Lines is a public utility duly authorized by its charter to conduct a public transportation

system within the corporate limits of Chattanooga and immediate vicinity, its rates and charges being fixed by the Board of Commissioners of said city sitting as a regulatory body pursuant to Chapter 52, Public Acts of 1943.

On May 23, 1949, the said Southern Coach Lines filed a schedule of rates with the Board and requested their approval. Following a public hearing on June 7 and 8, 1949, the Commission approved a raise in bus fares. The rates approved were graduated according to the distance passengers upon buses were to be hauled. Inside the city limits the fare was ten cents (10c) for each adult passenger, while beyond and for a distance of seven (7) miles from the city the charge was fifteen cents (15c) per individual passenger. The latter charge applied to persons residing in the Town of East Ridge and also to those persons residing in what is known as Red Bank. There was a reduced rate for school children residing both inside and beyond the city limits of Chattanooga. The Town of East Ridge was incorporated and was immediately adjacent to the corporate limits of Chattanooga, as was Red Bank. The rates approved and put into effect were based upon the contention of the Southern Coach Lines that it had been losing money under former rates. The increase which was granted is substantial.

The complainants filed their original bill in the chancery court and prayed for the writ of certiorari as provided by Code Sections 9008-9017 and for a hearing de novo to the end "that the order of the Mayor and City Commissioners be reversed, set aside, modified and corrected, and that a bus fare of not more than ten cents (10c) per fare or passenger be fixed by this Honorable

Court to be paid by passengers who ride on the busses of the Southern Coach Lines from the Town of East Ridge and the community of Red Bank to and from the City of Chattanooga''. Under the bill the complainants contend that the Chancellor should decree to them ''the same rights of travel, and the same privileges as is granted all citizens and patrons using the said lines into and through the City of Chattanooga''. The Town of East Ridge joins as a complainant in its corporate capacity, while other complainants, as above stated, are private citizens. Certain named persons attempt to sue in an official capacity claiming to be ''officials of the Red Bank Civic League'', and sue for the use and benefit of all citizens of that community.

The bill complains of the excessiveness of the rates charged and allowed by the Board of Commissioners. It is alleged that ''working people are required to pay eighty per cent (80%) more than they have been accustomed to pay''; that the citizens of these communities are damaged by the sudden raise in bus fares, the same being approved without notice to them; that the rate they are required to pay was ''unfair, unjust, discriminatory and illegal''.

The defendant demurred to the bill upon the grounds (1) ''that none of the complainants shows any such special interest as would justify them to maintain this action, they having only such interest as is common to all citizens''. (2) It is not alleged that the decree or order was based upon ''unfair matters or lack of jurisdiction''. (3) The Commission was not required to give notice of its action in hearing an application for increased bus fares.

The Chancellor sustained the demurrer and granted an appeal to this Court. The assignments of error are: (1) "The court below erred in sustaining defendants' demurrer, and in holding and decreeing that it had jurisdiction of the case." Contention is made that it was error because the Chancellor should have heard the cause de novo "and decided the case on its merits under authority of Code Sections 9008-9017". The second assignment is a mere repetition of the first and is pretermitted. (3) The court below erred in sustaining defendants' demurrer, and in effect holding that the Commissioners of the City of Chattanooga sitting as a rate making body had authority to fix rates for defendants' buses which entered another municipality—the municipality of East Ridge. The complainants say that the court should have held that the action of the Commissioners "in fixing rates for a sister municipality was not authorized by law".

The foregoing assignments are without merit. No question is made as to the authority of the Board of Commissioners to approve the rates in question except that it could not make and approve a rate for "a sister municipality". The Public Acts of 1943, Chapter 52, as amended by Pub. Acts 1945, c. 97, confers upon cities having a population of over 100,000 the authority to regulate street cars, buses and other transportation companies, approving rates, etc., and this authority extended beyond city boundaries for a distance of seven (7) miles. There is no charge of fraud on the part of the city and/or Southern Coach Lines in the matter of procedure or that the Commissioners exceeded their jurisdiction. The only question made is that they could not lawfully fix a rate for the resident citizens of the Town of East Ridge and Red Bank.

█ We pretermit any consideration of complainants' contention that the Chancellor should have heard the case on its merits as provided by Code Sections 9008-9017 for the reason they have suffered no injury that is not common to all citizens and hence are not entitled to maintain this suit under the aforesaid Code Sections, or any other known form of procedure. While the Town of East Ridge undertakes to sue in its corporate capacity for the use and benefit of all its citizens we think it is plain that it has suffered no injury as a municipal corporation. The citizens of this municipality cannot be said to have suffered a special injury which differs from that of any other group who happen not to be incorporated, such as Red Bank.

We think this case falls squarely within the holding of *Patton* v. *City of Chattanooga,* 108 Tenn. 197, 65 S. W. 414, 421, wherein it was held:

" 'However commendable it may be in an individual to carry on a suit for the whole community, in the result of which he has no interest over any other member of that community, to urge the perpetration of an injunction for the good of the city, such is not a fit case for equitable interposition.' *Jones* v. *Mayor, etc., Little Rock,* 25 Ark. [301], 305."

█ The increase in bus fares that is permissible under the contract above referred to affects the entire population of Chattanooga and other areas served by the Southern Coach Lines. No one citizen, or group of citizens, carries a greater burden than another. The insistence on the brief of counsel for the complainants "that it is the duty of the Chancellor to provide a remedy" to the end that they be relieved of what is claimed

to be an unjust burden has no authority to support it. The courts, and especially courts of equity, are not required to provide a remedy, either legal or equitable, to aid one who has not suffered a special injury, an injury that is common to all citizens similarly situated.

The complainants rely largely upon the case of *Prosterman* v. *State Board of Dental Examiners,* 168 Tenn. 16, 73 S. W. (2d) 687, as authority for a trial on the merits under Code Section 9008 et seq. It does not support their contention. In the Prosterman case it appears that the petitioner had suffered a direct and special injury and was clearly entitled to a trial de novo in the chancery court.

In response to the third assignment of error we are unable to agree with the complainants' contention that the Commissioners of the City of Chattanooga "had no authority to fix rates for defendants' buses which entered another municipality"; "that the action of the Commissioners in fixing rates for a sister municipality was not authorized by law". It is not disputed that under Chapter 52, Public Acts of 1943, the City of Chattanooga was fully authorized to make the contract now in dispute. The fact that the buses passed through the Town of East Ridge could have no bearing whatever upon the right of contract. Moreover the said contract does not in any wise affect the town in its corporate capacity. The City of Chattanooga has not presumed "to fix rates for a sister municipality". There is no fact in the record to justify the conclusion that the Southern Coach Lines is guilty of an unlawful act in transporting citizens of East Ridge to and from the City of Chattanooga. The only basis for such a complaint is that the bus fare is excessive and works a hardship upon certain

citizens, but this, as we have seen, is something that is common to all citizens.

The assignments of error are overruled, and the Chancellor's decree is affirmed.

All concur.