**Milton McCLURKAN,**
**Plaintiff-Appellant,**

v.

**BOARD OF ZONING APPEALS FOR the METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Tennessee, Defendant-Appellee.**

Court of Appeals of Tennessee,
Middle Section.

April 1, 1977.

Certiorari Denied by Supreme Court
June 13, 1977.

John L. Chambers, Chambers & Wiseman, Nashville, for plaintiff-appellant.

Robert Rutherford, Metro Dept. of Law, Nashville, for defendant-appellee.

## OPINION

DROWOTA, Judge.

This is an appeal by an owner of property in Nashville from a decree of the Chancery Court of Davidson County, which affirmed the denial of appellant's application for a variance by the Metropolitan Board of Zoning Appeals.

The property in question is located at 1713 Beechwood Avenue in an area zoned for one and two family dwellings. It contains a house that is divided into four separate living units, none of which is accessible except by its own outside entrance. The record is unclear as to how long the house has been divided into four apartments, but appellant contends that it has been so structured at least since 1952. In 1973, after having been informed that the residence did not conform to zoning regulations, Mrs. Nora Smith, the previous owner, applied for and was granted a use and occupancy permit to continue its use as a four-family dwelling for so long as she owned and resided on the property. This permit expressly stated that when Mrs. Smith ceased to own and reside on the premises, the property should revert to a "lawful use". The permit was recorded in the office of the Register of Deeds in February of 1974. Appellant purchased the property in September of 1974 and, when notified that he was in violation of zoning regulations, applied to the Board of Zoning Appeals for a variance, which was denied. He then took his case on certiorari to the Chancery Court, from whose affirmance of the Board he now appeals.

As a preliminary matter, appellee Board of Zoning Appeals has moved to dismiss the appeal for appellant's failure to comply with Rule 12 of this Court, which requires an appellant to file his assignments of error and brief within twenty-five days of the filing of the transcript. Appellant was admittedly six days late in filing his assignments of error and brief in the case at bar. Appellant's counsel, however, avers in reply to appellee's motion that prior to expiration of the twenty-five days he arranged for a short extension with the Clerk of this Court, who informed him that an extension had been granted but evidently failed to make an entry to that effect in the record. Counsel then relied on having this extra time and filed his assignments within what he believed was the extension period,

though this was six days after the deadline prescribed by Rule 12. Since appellant filed only a few days late, and since counsel has satisfied us that this was done in good faith for the reason stated above, we overrule appellee's motion to dismiss.

In his first assignment of error, appellant contends that the use and occupancy permit issued by the Board of Zoning Appeals to the previous owner runs with the land and so inures to his benefit and that the condition that the permit should expire when Mrs. Smith ceased to own the property and reside on it is void. Appellant first argues that, as a general proposition, it is the property itself and not the person who owns it that is to be considered by a zoning board in acting on an application for a variance. He then asserts that, since the condition attached to the permit granted Mrs. Smith dealt only with her continued ownership of and residence on the property, the condition is void and appellant is left with an unconditional permit to use the property for a four-family residence. While we are largely in agreement with the premise of this argument, we cannot concur in the result that appellant insists is mandated by it in this case.

The statute authorizing municipal boards of zoning appeals to grant variances allows them to take such action

> [w]here, by reason of exceptional narrowness, shallowness, or shape of a specific piece of property at the time of enactment of the zoning regulation, or by reason of exceptional topographic conditions or other extraordinary and exceptional situation or condition of such piece of property,

the applicable zoning regulations would impose "peculiar and exceptional practical difficulties . . . or undue hardship upon the owner . . . ." Tennessee Code Annotated § 13–707(3). Similarly, § 101.27(b) of the Zoning Ordinance for Metropolitan Nashville empowers the Board to grant variances "to alleviate hardships by virtue of the inability of the landowner to comply strictly with the provisions of this Ordinance by reasons of unique shape, topography, or physical features of the zone lot."

These provisions, along with the standards for variances set out in § 102.20 of the Ordinance, clearly contemplate that a variance is not a "personal license given to a landowner," as appellant rightly says. See *Hickerson v. Flannery,* 42 Tenn.App. 329, 302 S.W.2d 508 (1956). But they also contemplate that it is the peculiar circumstances of the *land* that must be the primary consideration, rather than any hardship personal to or created by an owner of it. See 82 Am.Jur.2d, *Zoning and Planning,* §§ 274–76 (1976). While the Board is vested with broad discretion in the variance area, we do not believe that it is authorized to grant a variance when the only hardship to the owner in complying with the zoning regulations is the result of a condition existing not in the land itself but in a structure which was created or altered by an owner of the property in violation of the zoning ordinance. Also, the case for a variance here is made even weaker by a lack of any evidence of hardship other than pecuniary loss, which has been held insufficient by itself to justify a variance. See *Houston v. Memphis and Shelby County Board of Adjustment,* 488 S.W.2d 387 (Tenn.App.1972). Thus, although we do not have before us the record of the proceedings in which Mrs. Smith was granted her conditional permit to use the premises as a four-family residence, we are forced to conclude from the facts presented that the award of this permit itself, and not merely the personal condition attached to it, was beyond the jurisdiction of the Board under its governing statute and ordinance.

In so concluding, we wish to point out that we do not hold that improvements constructed on the property or even the personal ownership of an applicant may never be considered in deciding whether or not to grant a variance. We do say, however, that both the statute and ordinance controlling here make characteristics of the *land itself* the overriding criteria by which the Board is to decide the issue of hardship to an owner. It may be that in some cases other factors presented by a variance applicant would be closely related to these criteria, and that the Board would be justified in considering them. In the instant case, how-

ever, unique features of the land itself were entirely lacking, and any hardship concerned only the condition of the house, which was brought about by an owner of the property in violation of the zoning ordinance, so that the Board exceeded its authority in granting the variance to Mrs. Smith. The first assignment of error is therefore overruled.

Appellant contends in his second assignment of error that the Board's failure to grant him a variance in the present case deprives him of the beneficial use of his property and so constitutes a taking of it without due process of law. Of course it is true that zoning regulations may go so far as to constitute a taking of property, and that in such a case the attempted "regulation" will be held unlawful. *Bayside Warehouse Co. v. City of Memphis,* 63 Tenn.App. 268, 470 S.W.2d 375 (1971). In *Bayside,* the zoning provision was found to deprive the owner of any beneficial use of the property and therefore held invalid as to that property. Far from so penalizing appellant in the instant case, the ordinance to which he is subjected by denial of his request for a variance imposes a simple restriction universally upheld as one within the zoning power: that the premises be used as a residence for no more than two families. This is not such a substantial deprivation of beneficial use of the property as to constitute a taking. Further, any loss to which appellant may be subjected here evidently is directly attributable not to any change in zoning that deprives him of the use of his property but to the erection or alteration of this building for use as a four-family residence by a previous owner in violation of the zoning ordinance. In any case, neither the two-family zoning provision nor the denial of the variance application that subjects appellant to it rises to the level of a taking of property, and the second assignment of error is overruled.

In his third and final assignment of error, appellant maintains that the Board discriminated against him and arbitrarily denied his requested variance. There is no merit in this contention. While appellant argues that others in the neighborhood are allowed "to use their homes as three and four-family dwellings," there is no evidence in the record to support this, and we are therefore unable to consider it. Appellant's claim of discrimination by the Board in awarding a variance to Mrs. Smith while denying one to him is also groundless, for we have already shown that the permit granted Mrs. Smith was beyond the Board's authority and therefore void. Finally, denial of the variance to appellant can hardly be termed arbitrary. On the contrary, just as the Board exceeded its authority in granting a permit to Mrs. Smith on the facts presented here, as explained above, so it would have exceeded its authority had it granted one to appellant for the same reasons. Denial of the variance to appellant thus was not arbitrary, but was required by the governing statute and ordinance on the facts here presented. The third assignment of error is overruled, and the decree below is affirmed.

Affirmed.

SHRIVER, P. J., and TODD, J., concur.