IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 18, 2016 Session

## JARRATT BELL ET AL. v. METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY ET AL.

**Appeal from the Chancery Court for Davidson County**
No. 141672I    Claudia Bonnyman, Chancellor

_____

**No. M2015-01521-COA-R3-CV – Filed March 21, 2016**
_____

In 1979, a property owner ("Owner") was notified that his property was in violation of the zoning ordinance, which allowed a maximum of two dwelling units in that area. The property contained five dwelling units. Owner appealed the zoning administrator's decision to the board of zoning appeals ("BZA"), which permitted him to retain the five units for as long as he owned the property. In 2014, when Owner decided to sell the property, he petitioned the zoning administrator to remove the ownership condition so that another owner could maintain the five units. The administrator denied this request, and Owner appealed to the BZA, which removed the ownership condition. Five nearby property owners filed a writ of certiorari in chancery court challenging the BZA's decision. The chancery court vacated the BZA's decision, finding that the BZA acted arbitrarily in removing the ownership condition and then failing to consider the effect of this decision, namely, the creation of a new permanent variance without a determination that the property met the statutory standards. The chancery court remanded the case to the BZA for further consideration. Owner appeals, and we affirm the chancery court's decision.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and RICHARD H. DINKINS, J., joined.

George Arthur Dean and Thomas V. White, Nashville, Tennessee, for the appellant, Louis Resha.

Lora Barkenbus Fox and Catherine J. Pham, Nashville, Tennessee, for the appellee,

Metropolitan Government of Nashville and Davidson County.

Jarratt Bell, Travis Reagan Brown, Will Johnston, Christine Modisher, and Paul Speer, appellees, Nashville, Tennessee, Pro Se.

## OPINION

### FACTUAL AND PROCEDURAL BACKGROUND

Louis Resha owns property located at 212 Woodmont Circle in Nashville. In June 1979, a letter from the Metropolitan Department of Codes Administration informed him that he was in violation of the zoning regulations in effect at that time. Mr. Resha's property was zoned R8, which allowed a maximum of two dwelling units; Mr. Resha's property had four units in a front building and another unit in a rear building. He was instructed to bring the buildings and premises into compliance with the zoning regulations.

Mr. Resha appealed this determination to the Metropolitan Board of Zoning Appeals ("BZA"). The only document in the record regarding the BZA's action on this appeal is an application for a building permit and use and occupancy permit signed by the zoning administrator (on October 9, 1979) as well as the permit examiner (on March 18, 1980). The purpose of the appeal is described as follows: "to establish front dwelling and rear dwelling as legal four family dwelling and a one family dwelling." It was granted with conditions: "for so long as the appellant owns the property and provide[s] for water removal from basement so as not to flow onto neighbors['] property."[1]

In 2014, Mr. Resha wanted to sell his property with a variance permitting five units. Under the current zoning ordinance, his property is zoned R10, which allows single-family homes and, under certain circumstances, two-family homes. Metro Code § 17.08.010(B)(2)(f). Mr. Resha submitted a request to the zoning administrator to remove the ownership condition so that another owner could continue to have five units on the property. The zoning administrator denied this application, and Mr. Resha appealed to the BZA.

The BZA held a hearing on November 6, 2014 on whether the condition should be removed. Several neighbors spoke in opposition to removal of the condition, and others submitted their opposition in writing. In a decision issued on November 11, 2014, the BZA voted to remove the restriction that made the condition personal to Mr. Resha.

---

[1] This document does not state whether the BZA granted a variance or a non-conforming use or some other type of relief. The record does not contain an order regarding the BZA's decision.

Five owners of property near 212 Woodmont Circle who protested the removal of the condition (hereinafter, "Homeowners") filed a petition for writ of certiorari in chancery court to review the BZA's decision. The chancery court determined that the BZA's action was arbitrary and that the Board acted outside of its jurisdiction "when it essentially awarded Mr. Resha a new and permanent variance without assuring that the property met the necessary standards" for a variance. The court vacated the BZA's decision and remanded the case to the BZA for further action consistent with the legal standards set forth by the court.

Mr. Resha then filed a notice of appeal.

STANDARD OF REVIEW

Under the common law writ of certiorari, the reviewing court must examine whether the municipal agency acted illegally, in excess of its jurisdiction, arbitrarily, or fraudulently. *McCallen v. City of Memphis*, 786 S.W.2d 633, 638 (Tenn. 1990). In doing so, the court determines "whether there is any material evidence that supports the action of the administrative agency." *Laidlaw Envtl. Servs. of Nashville, Inc. v. Metro. Bd. of Health for Nashville & Davidson Cnty.*, 934 S.W.2d 40, 49 (Tenn. Ct. App. 1996). Under the common law writ of certiorari, a challenge to the evidentiary foundation for a local zoning decision presents a question of law, which we review de novo with no presumption of correctness. *Lafferty v. City of Winchester*, 46 S.W.3d 752, 759 (Tenn. Ct. App. 2000). Courts must not "reweigh the evidence" or "scrutinize the intrinsic correctness of the decision," but independently review the record to "determine whether it contains 'such relevant evidence that a reasonable mind might accept as adequate to support a rational conclusion.'" *Id.* (quoting *Hedgepath v. Norton*, 839 S.W.2d 416, 421 (Tenn. Ct. App. 1992)).

ANALYSIS

On appeal, Mr. Resha asserts (1) that the BZA properly removed the illegal ownership condition, and (2) that the character of the original action of the zoning board (as opposed to the ownership condition) should not be subject to judicial review 35 years later. Therefore, he argues, the trial court erred in vacating the BZA's decision and remanding the case to the BZA to consider whether the property meets the standards for a variance. Homeowners and the Metropolitan Government of Nashville and Davidson County ("Metro") are the appellees.

We begin by addressing Mr. Resha's assertion that Homeowners' petition for writ of certiorari was not timely filed. As Mr. Resha emphasizes, the courts have held that the sixty-day statute of limitations for filing a petition for writ of certiorari from the decision of an administrative tribunal is jurisdictional. *Kielbasa v. Wilson Cnty. Bd. of Zoning*

*Appeals*, No. M1999-01155-COA-R3-CV, 2000 WL 546367, at *2 (Tenn. Ct. App. May 5, 2000). Mr. Resha characterizes Homeowners' writ as an attack on the 1979 BZA decision long after the running of the statute of limitations. We do not accept Mr. Resha's reasoning on this point. He himself triggered the current case when he filed another appeal with the BZA in 2014. The BZA's action in the 2014 case changed the nature of the underlying variance.[2] Homeowners got involved to oppose Mr. Resha's request to allow the variance to apply to other owners and then filed a petition for writ of certiorari to challenge the BZA's decision. This petition for writ of certiorari was filed on December 2, 2014, within sixty days of the November 11, 2014 BZA decision. We find no merit in Mr. Resha's statute of limitations argument.

The parties in this case agree that the BZA, in its November 2014 decision, properly removed the condition limiting the variance to Mr. Resha. A permit or variance to use land for a certain purpose is not personal to the owner but is a condition that runs with the land. *See McClurkan v. Bd. of Zoning Appeals*, 565 S.W.2d 495, 497 (Tenn. Ct. App. 1977); *Hickerson v. Flannery*, 302 S.W.2d 508, 514 (Tenn. Ct. App. 1956). The point of contention is whether the BZA should have gone further and considered the effect of this decision on the underlying variance.

Tennessee Code Annotated section 13-7-207(3) sets out the powers of the BZA to hear and decide requests for variances:

> Where, *by reason of exceptional narrowness, shallowness or shape of a specific piece of property at the time of the enactment of the zoning regulation, or by reason of exceptional topographic conditions or other extraordinary and exceptional situation or condition of such piece of property*, the strict application of any regulation enacted under this part and part 3 of this chapter would result in peculiar and exceptional practical difficulties to or exception or undue hardship upon the owner of such property, authorize, upon an appeal relating to the property, a variance from such strict application so as to relieve such difficulties or hardship; provided, that such relief may be granted without substantial detriment to the public good and without substantially impairing the intent and purpose of the zone plan and zoning ordinance.

---

[2] Mr. Resha suggests that the 1979 BZA decision may have permitted a non-conforming use instead of a variance. A non-conforming use, however, requires that the use lawfully existed prior to the enactment of the zoning ordinance. *Smith Cnty. Reg'l Planning Comm'n v. Hiwassee Village Mobile Home Park, LLC.*, 304 S.W.3d 302, 310 (Tenn. 2010). There is no evidence in the record to show that Mr. Resha's property was ever lawfully permitted to have five units. We note that, in his September 2014 letter requesting an appeal before the BZA, Mr. Resha's representative referred to the relief Mr. Resha requested and was granted in 1979 as a "variance." We agree with the trial court's treatment of the BZA's action in 1979 as a variance.

(Emphasis added).[3] Thus, variances are to be granted based only upon the condition of the property itself and resulting practical difficulties or undue hardship. Tenn. Code Ann. § 13-7-207(3).

Section 17.40.370 of the Metropolitan Government of Nashville and Davidson County–Code of Ordinances ("Metro Code") states that the BZA "shall not grant a variance without an affirmative finding of fact on each of the following standards," based upon the evidence presented:

A. Physical Characteristics of the Property. The exceptional narrowness, shallowness or shape of a specific piece of property, exceptional topographic condition, or other extraordinary or exceptional condition of such property would result in peculiar and exceptional practical difficulties to, or exceptional or undue hardship upon the owner of such property upon the strict application of any regulation enacted by the ordinance codified in this title.

B. Unique Characteristics. The specific conditions cited are unique to the subject property and generally not prevalent to other properties in the general area.

C. Hardship Not Self-Imposed. The alleged difficulty or hardship has not been created by the previous actions of any person having an interest in the property after the effective date of the ordinance codified in this title.

D. Financial Gain Not Only Basis. Financial gain is not the sole basis for granting the variance.

E. No Injury to Neighboring Property. The granting of the variance will not be injurious to other property or improvements in this area, impair an adequate supply or light and air to adjacent property, or substantially diminish or impair property values within the area.

F. No Harm to Public Welfare. The granting of the variance will not be detrimental to the public welfare and will not substantially impair the intent and purpose of this Zoning Code.

G. Integrity of Master Development Plan. The granting of the variance will not compromise the design integrity or functional operation of activities or facilities within an approved planned unit development.

Section 17.40.390 of the Metro Code provides, in pertinent part, that, in the approval of a request for a variance, "findings shall specifically identify the unique characteristics of the property and the precise nature of the hardship"; in the case of a denial of such a

---

[3] This statute was in effect in 1979 and was cited in *McClurkan*, 565 S.W.2d at 497.

request, "findings shall specifically identify the standards that were not met." In the present case, no such findings were made by the BZA.

The *McClurkan* case, relied upon by the appellees, is factually similar to the case at hand. The property at issue in *McClurkan* was zoned for one- and two-family dwellings; Mr. McClurkan's house was divided into four separate living units, and had allegedly been that way since 1952. *McClurkan*, 565 S.W.2d at 496. The previous owner had been granted a use and occupancy permit in 1973 to continue using the house as a four-family dwelling for as long as she owned and resided on the property. *Id.* When Mr. McClurkan purchased the property in 1974 and was notified that he was in violation of zoning regulations, he applied to the BZA for a variance. *Id.* After his application was denied, he filed a petition for writ of certiorari in chancery court, where the BZA's decision was affirmed. *Id.*

On appeal, Mr. McClurkan argued that the condition limiting the variance to one owner was void. *Id.* at 497. Although the court agreed with this premise, it did not agree with the result sought by Mr. McClurkan—an unconditional permit for a four-family residence. *Id.* After reviewing the relevant statutes and ordinances, the court stated:

> While the Board is vested with broad discretion in the variance area, we do not believe that it is authorized to grant a variance when the only hardship to the owner in complying with the zoning regulations is the result of a condition existing not in the land itself but in a structure which was created by an owner of the property in violation of the zoning ordinance. Also, the case for a variance here is made even weaker by a lack of any evidence of hardship other than pecuniary loss, which has been held insufficient by itself to justify a variance. *See Houston v. Memphis & Shelby County Board of Adjustment*, 488 S.W.2d 387 (Tenn. [Ct.] App. 1972). . . . [W]e are forced to conclude from the facts presented that the award of this permit itself, and not merely the personal condition attached to it, was beyond the jurisdiction of the Board under its governing statute and ordinance.

*Id.* The court concluded that the BZA "exceeded its authority" in granting the variance to the property owner who requested it in 1973. *Id.* at 498.

We believe that the reasoning of *McClurkan* mandates the same result in the present case. By considering only the legality of the condition attached to the variance, the BZA acted arbitrarily. Taking away the limitation that the five-unit condition would only apply to Mr. Resha meant that there was a permanent use variance on that piece of property. This changed the nature of the variance. We agree with the following conclusions of the trial court:

The Court finds that removing the condition but failing to address the effect of this decision was an arbitrary action by the Board. The Court further finds that the BZA acted outside of its jurisdiction when it essentially awarded Mr. Resha a new and permanent variance without assuring that the property met the necessary standards mandated by Tenn. Code Ann. § 13-[7-207(3)] and Metro Zoning Code § 17.40.360.

This Court has held that, "In the absence of material evidence of facts necessary to justify a variance, the allowance of a variance is arbitrary, unwarranted and subject to reversal by judicial review." *Baker v. Bd. of Zoning Appeals*, C.A. No. 88-147-II, 1989 WL 3167, at *6 (Tenn. Ct. App. Jan. 20, 1989).

Although Homeowners argue that the underlying variance is void as a matter of law, we believe that the trial court properly vacated the BZA order and remanded for further consideration. The factors relevant to whether the property at issue meets the criteria described in Tenn. Code Ann. § 13-7-207 and Metro Code § 17.40.370 have not been developed or considered by the BZA. Under these circumstances, we believe the appropriate remedy is to remand to allow the BZA to perform its statutory duties. *See Lewis v. Bedford Cnty. Bd. of Zoning Appeals*, 174 S.W.3d 241, 246-47 (Tenn. Ct. App. 2004) (holding that, where the record prepared by the BZA was not sufficient to determine whether there was material evidence to support its decision, the proper remedy was to vacate the BZA order and remand to allow it to take evidence and reach a decision "capable of effective judicial review").

CONCLUSION

The decision of the chancery court is affirmed. Costs of appeal are assessed against the appellant, Louis Resha, and execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE