DAVIS GROUP (MC), INC.,    )
        )
    Petitioner/Appellee,    )
        )    Davidson Chancery
        )    No.  94-1620-II
VS.    )
        )    Appeal No.
        )    01-A-01-9501-CH-00010
THE METROPOLITAN GOVERNMENT  )
OF NASHVILLE AND DAVIDSON)
COUNTY; and THE METROPOLITAN    )
PLANNING COMMISSION,    )
        )
    Respondents/Appellants.    )

FILED

Nov. 1, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

IN THE COURT OF APPEALS OF TENNESSEE

MIDDLE SECTION AT NASHVILLE


APPEAL FROM THE CHANCERY COURT OF DAVIDSON COUNTY

AT NASHVILLE, TENNESSEE


HONORABLE C. ALLEN HIGH, CHANCELLOR


George A. Dean
PARKER, LAWRENCE, CANTRELL & DEAN
Fifth Floor
200 Fourth Avenue, North
Nashville, Tennessee  37219
ATTORNEY FOR PETITIONER/APPELLEE

James L. Murphy, III,
Director of Law

Joseph R. Mouer
Leslie Shechter
Francis H. Young
Metropolitan Attorneys

THE DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY
204 Metropolitan Courthouse
Nashville, Tennessee  37201
ATTORNEYS FOR RESPONDENTS/APPELLANTS

AFFIRMED AND REMANDED


        HENRY F. TODD
        PRESIDING JUDGE, MIDDLE SECTION

CONCUR:
SAMUEL L. LEWIS, JUDGE
CORNELIA A. CLARK, SPECIAL JUDGE

DAVIS GROUP (MC), INC.,     )
         )
    Petitioner/Appellee,     )
         )    Davidson Chancery
         )    No. 94-1620-II
VS.         )
         )    Appeal No.
         )    01-A-01-9501-CH-00010
THE METROPOLITAN GOVERNMENT  )
OF NASHVILLE AND DAVIDSON )
COUNTY; and THE METROPOLITAN    )
PLANNING COMMISSION,     )
         )
    Respondents/Appellants.     )

## O P I N I O N

This is a proceeding for judicial review of the action of the Metropolitan Council, the elected legislative body of the Metropolitan Government of Nashville and Davidson County, Tennessee, in refusing to concur in the action of the Metropolitan Planning Commission approving a "Planned Unit Development." The Trial Court reversed the action, and the City filed notice of its "intention to appeal" which, in the absence of challenge, will be treated as a notice of appeal. The City presents the following issues:

> 1. Whether it was error to deny the Metropolitan Government's motion to dismiss, since this action should have been brought as a declaratory judgment action.

> 2. Whether there was sufficient evidence to support the decision of the Metropolitan Council.

On February 24, 1994, the captioned petitioner filed with the Metropolitan Planning Commission an application for approval of a proposed commercial planned unit development to be known as "Music City Cafe," containing separate places of entertainment and dining, upon a 10.3 acre tract near the intersection of Old Hickory Boulevard and U.S. Interstate Highway 65. The petition alleged that petitioner held an option to purchase the tract and intended to construct the improvement if permitted to do so.

On March 20, 1994, the Planning Commission granted "conditional preliminary approval," but the local ordinance, COMZO §17.100.010 *et seq,* required concurrence of the Metropolitan Council to effectuate the action of the Commission.

Thereafter, two proposed ordinances were presented to the Metropolitan Council. Council Bill #094-1008 made applicable to the subject tract the provisions of COMZO (Metropolitan Zoning Code) relating to commercial planned unit developments. Council Bill #094-1009 changed the zoning classification of the tract from R20 (residential with a 20,000 square foot minimum) to O.G. (office general). Both bills were approved on first reading, but passage upon three readings is required by Metropolitan Charter §3.05. A public hearing on both bills was held by the council on May 5, 1994. On May 17, 1994, both bills were defeated.

On May 27, 1994, the captioned petitioner filed the present petition for certiorari for judicial review of the action of the council in disapproving Bill #094-1008 on the theory that such action was administrative in nature and subject to judicial review as such. Bill #094-1009 to change zoning classification is not involved in the present judicial proceeding.

On November 2, 1994, the Trial Court reversed the decision of the council, stating:

### Conclusions of Law

At the public hearing before the Metropolitan Council, residents of the affected area voiced sincere concerns about possible traffic problems, a possible decrease in property values, and unhappiness with the proposed use of the property as an entertainment facility. None of these opinions was based upon any factual premise apparent in the record. Expression of fears by members of the community alone, no matter how sincere, will not support the decision. Sexton v. Anderson County, 587 S.W.2d 663, 666 (Tenn. App. 1979). There is no material proof in the record that the proposed use of the property as a restaurant and entertainment facility is incompatible with the Subarea 12 Land Use Plan.

*-First Issue: Proper Form of Action for Review-*

The determination of this issue depends upon the character of the action under review. If the action is legislative in character, it is not subject to review by certiorari, but only by an action for declaratory judgment. If the action is administrative in character, the review is properly by certiorari wherein the inquiry is whether there was material evidence to support conclusions that were neither arbitrary nor unlawful. *Metropolitan Air Research Testing Authority, Inc. v. Metropolitan Government of Nashville and Davidson County,* Tenn. App. 1992, 842 S.W.2d 611.

In *McCallen v. City of Memphis,* Tenn. 1990, 786 S.W.2d 633, the plaintiffs filed a suit for declaratory judgment invalidating a resolution of the city council which approved a planned development. The Trial Court held that the resolution was invalid as "not supported by substantial evidence." This Court affirmed, holding that there was no rational basis for the resolution. The Supreme Court held:

> We initially hold that the action of the city council giving approval to the plan was administrative rather than legislative in nature; any challenge of the action is by writ of certiorari. Secondly, both the trial court and the Court of Appeals failed to give proper deference to the determination of the Memphis City Council. We reverse the action of both the trial court and the Court of Appeals and enter a judgment in favor of the defendants. Costs are adjudged against the plaintiffs.
>
> . . . .
>
> The "fairly debatable, rational basis," as applied to legislative acts, and the "illegal, arbitrary and capricious" standard relative to administrative acts are essentially the same. In either instance, the court's primary resolve is to refrain from substituting its judgment for that of the local governmental body. An action will be invalidated only if it constitutes an abuse of discretion. If "any possible reason" exists justifying the action, it will be upheld. Both legislative and administrative decisions are presumed to be valid and a heavy burden of proof rests upon the shoulders of the party who challenges the action.
>
> If there was ever any basis for the distinction in the application of the substantive law to legislative and administrative actions, it has dissipated with the passage of time. . . .

. . . .

> While this court recognizes the statutory, procedural distinction between common law certiorari and declaratory judgment, there is no sound logic to maintain different standards of substantive review. Whether the action by the local governmental body is legislative or administrative in nature, the court should refrain from substituting its judgment for the broad discretionary authority of the local governmental body. An invalidation of the action should take place only when the decision is clearly illegal, arbitrary, or capricious.

*McCallen,* 786 S.W.2d at 634, 641-42.

Appellant argues that *McCallen* is not applicable because the Nashville Zoning Ordinance differs from the Memphis Zoning Ordinance. Although the full texts of the ordinances do not appear in the record, they have been submitted to this Court as an appendix to appellant's brief. Without objection from appellee, this Court will take judicial knowledge of and compare said texts. T.R.E. Rule 202(b)(3).

Appellant states that Sections 14(B)(2) and (C) of the Memphis Ordinance provides that the basic zoning of a parcel is not changed when a Planned Unit Development is approved. However, the cited portions of the Memphis Ordinance contain the following:

> *(B)(2) Modification of district regulations.* Planned developments may be constructed in any zoning district subject to the standards and procedures set forth below:
>
> a. Except as modified by and approved in the resolution approving an outline plan, a planned development shall be governed by the regulations of the district or districts in which the said planned development is located.
>
> b. The resolution approving the outline plan for the planned development may provide for such exceptions from the district regulations governing use, density, area, bulk, parking, and signs, . . . .
>
> *C. General standards and criteria.* The legislative body may grant a permit which modifies the applicable district zoning regulations and subdivision regulations upon written findings and recommendations by the land use control board which shall be forwarded pursuant to the provisions contained in this section.

The Memphis Ordinance recognizes that a planned development may produce modifications or exceptions to local zoning. Moreover, the ordinance refers to "legislative action," which apparently did not influence the decision in *McCallen.*

Appellant argues that, under the Nashville Ordinance, a planned development is a "complete rezoning of the property." No specific provision of the Nashville Ordinance is cited or found which would support this argument. Even though, as argued by appellant, the circumstances of this case result in a "complete rezoning" from residential to commercial use, the enactment of the commercial planned unit section of the Nashville Ordinance in effect, prospectively authorized the zoning changes resulting from the approval of a planned unit development.

The portions of the Nashville Zoning Ordinance quoted below were included in the appendix to the brief of appellant and will be noticed pursuant to T.R.E. Rules 201(d) and 202(b)(3):

> **17.108.100 Planning commission action on preliminary application.**
>
> . . . .
>
> C. Metropolitan Council Approval of Preliminary Plan. Any approval of a preliminary application by the metropolitan planning commission shall be transmitted to the metropolitan council for their concurrence.
>
> . . . .
>
> **17.108.110 Councilmanic concurrence with preliminary approval required.**
>
> Preliminary approval of a planned unit development shall require the concurrence of the metropolitan council in accordance with the procedures in Sections 17.136.070 and 17.136.100. . . .

By letter, appellant submitted for consideration, sections 17-136-070 and 17-136-100 of the Nashville Ordinance which have been considered. Said sections relate to rezoning

generally, and are not deemed applicable to the concurrence of the council in the approval of a commercial planned development.

The Memphis and Nashville Ordinances do differ widely in content, but they establish equivalent schemes for approval of planned unit developments.

Appellant cites authorities that the form of hearing determines whether an action is legislative or administrative. This Court does not agree. The nature of the question to be decided and the necessary procedure for making such decision are the determinative factors, rather than the procedure which was selected for the particular decision.

As held in *McCallen,* the Nashville council had previously enacted the criteria for approval of planned unit developments and reserved only the prerogative of reviewing whether such criteria had been met.

Appellant argues that, "if this case had been allowed to proceed as a declaratory action (appellant) would have sought to offer evidence regarding the specific requirements of the Subarea 12 plan."

According to Subarea Plan 12, it contains 27,300 acres, or 42.7 square miles or 8% of the area of Davidson County. It is bounded by Interstate Highway 24 and Rutherford County on the east, by Williamson County on the south, by Franklin Pike and Interstate Highway 65 on the west and a railroad and creek on the north. The Subarea contains 14 "Sectors" and a fraction of a 15th sector. The plan states:

> . . . The predominant land use in Subarea 12 is residential. Out of the 23,633 net acres in the subarea (not including rights-of-way), 15,282 are in residential use. Of this acreage, 6,884 acres are rural residential, mostly located in the southern portion of the subarea.
>
> Nonresidential uses occupy 1,717 net acres. Nolensville Pike from the north end of the subarea to around Old Hickory

Boulevard forms the main commercial spine of the subarea. Other major commercial areas are found at the interchanges of I-24 with Harding Place, Haywood Lane, and Bell Road; at the interchanges of I-65 with Harding Place and Old Hickory Boulevard; and at the intersection of Edmonson Pike and Old Hickory Boulevard.

. . . .

. . . The basic concept for Subarea 12 is that it should continue to develop as primarily a residential area. The focus for nonresidential development is on providing activities in support of mainly commercial service needs generated by residential growth within the subarea.

. . . .

6. The I-65/Old Hickory Boulevard interchange commercial area is evolving as mostly a major office concentration and is envisioned to continue developing in that manner.

The location of the planned unit development in the present case is at the intersection of Old Hickory Boulevard and Interstate Highway 65, where the plan and accompanying map indicate a cluster of commercial uses. This Court is unable to find such a gross disparity between Subarea Plan 12 and the proposed planned unit development as would justify the rejection of the planned unit development on this ground.

Appellant complains that the nature of the planned unit development is calculated to draw a "regional clientele." A proposed restaurant and dinner theater is included in the planned unit development, and it is possible that it would attract patrons from outside Subarea 12. However, this possibility is not sufficient to justify a finding that the planned development is in conflict with Subarea 12 Plan.

Appellant asserts that, if permitted to do so, it might have offered other evidence of conflict with Subarea 12 plan. Without a tender of such evidence and its preservation in the record, this Court is unable to find grounds of reversal.

No ground of reversal is found in appellant's first issue.

Appellant's second issue is based upon the insistence, that, viewed as an administrative decision, the action of the council is supported by sufficient evidence. Subarea 12 plan is cited as evidence. It has been considered and discussed above.

Appellant cites a statement to the council by Mr. Bruce Cole who expressed a desire that the subject property be developed for office use. An expression of a desire, without supporting evidence, is not "substantial and material evidence." Also cited is a report of the Planning, Zoning and Port Authority Committee of the council which by a vote of 7 - 3 recommended rejection of the proposal. A "recommendation" without supporting evidence of facts is not "substantial and material evidence."

This Court finds that the action of the council is unsupported by substantial and material evidence and therefore cannot be affirmed as an administrative action. *Sexton v. Anderson County,* Tenn. 1979, 587 S.W.2d 663, *Father Ryan v. City of Oak Hill,* Tenn. App. 1988, 772 S.W.2d 184.

The judgment of the Trial Court is affirmed. Costs of this appeal are taxed against the appellant. The cause is remanded to the Trial Court for appropriate further proceedings.

Affirmed and Remanded.

_____
                     HENRY F. TODD
                     PRESIDING JUDGE, MIDDLE SECTION

CONCUR:


_____
SAMUEL L. LEWIS, JUDGE


_____

CORNELIA A. CLARK, SPECIAL JUDGE

DAVIS GROUP (MC), INC.,      )
                                       )
      Petitioner/Appellee,      )
                                       )       Davidson Chancery
                                       )       No.  94-1620-II
VS.                          )
                                       )       Appeal No.
                                       )       01-A-01-9501-CH-00010
THE METROPOLITAN GOVERNMENT  )
OF NASHVILLE AND DAVIDSON      )
COUNTY; and THE METROPOLITAN   )
PLANNING COMMISSION,          )
                                       )
      Respondents/Appellants.     )

**FILED**

**Nov. 1, 1995**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

**O R D E R**

       The Supreme Court has denied application for permission to appeal, concurring in results only.  The original opinion of this Court is withdrawn, and an opinion filed concurrently with this order is substituted therefor.

       ENTER _____

                                            _____
                                          HENRY F. TODD
                                          PRESIDING JUDGE, MIDDLE SECTION

                                          _____
                                          SAMUEL L. LEWIS, JUDGE

                                          _____
                                          CORNELIA A. CLARK, SPECIAL JUDGE