**Ed and Shelly LEWIS**

v.

**BEDFORD COUNTY BOARD OF ZONING APPEALS, et al.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Nov. 3, 2003 Session.

Jan. 13, 2004.

Andrew C. Rambo, Shelbyville, Tennessee, for the appellants, Ed Lewis and wife, Shelly Lewis.

Ginger Bobo Shofner, John T. Bobo, Shelbyville, Tennessee, for the appellee, Bedford County Board of Zoning Appeals.

PATRICIA J. COTTRELL, J.,
delivered the opinion of the court, in which WILLIAM C. KOCH, JR., P.J., M.S., and WILLIAM B. CAIN, J., joined.

## OPINION

The local board of zoning appeals denied the landowners' application for a special exception or conditional use permit to allow them to develop and operate an RV park. After a remand for the board to clarify its minutes as to the grounds for the denial, the court determined that the grounds stated in the amended minutes provided a lawful basis for the denial. The trial court also determined that the record filed by the board was not sufficient for the court to determine whether the board's decision was supported by material evidence. Because the trial court found that the burden to ensure an adequate record is prepared and filed lay with the landowners, the court affirmed the board's denial of the permit. We reverse because in a common law writ of certiorari proceeding challenging a decision by a board or commission, the duty to prepare and transmit a record that includes a transcript of the evidence lies with the board or commission.

This appeal presents the question of whether a local zoning board is required to make a record of evidence presented before it so as to provide effective judicial review of a decision of the board, or whether that burden falls on the applicant before the board who later seeks such judicial review.

### I. BACKGROUND

Edward and Shelley Lewis sought from the Bedford County Board of Zoning Appeals a conditional use permit (or special exception) to allow them to build and operate a private recreational facility, including a recreational vehicle (RV) park and a bed and breakfast on their land which was zoned for agricultural uses. The land was in the county's A–1 Zoning District, Agriculture–Forestry, which is described in the Zoning Resolution as "primarily areas where growth of an urban or non-rural nature is deemed undesirable...." The uses permitted as of right under Agriculture–Forestry zoning do not include the uses proposed by the Lewises. Consequently, the Lewises were required to obtain a special exception, also known as a conditional use permit, for each of the uses they proposed.

The County Zoning Resolution includes a list of special exceptions that can be allowed in an A–1 Zoning District. The Zoning Resolution also sets out the procedure for the Board to use in deciding whether to grant a special exception. That portion of the resolution provides:

> General Requirements. A conditional use permit (a special exception) shall be granted provided the Board finds that it:

a. Is so designed, located, and proposed to be operated so that the public health, safety, and welfare will be protected.

b. Will not adversely affect other property in the area in which it is located.

c. Is within the provision of "Special Exceptions" as set forth in this ordinance.

d. Conforms to all applicable provisions of this ordinance for the district in which it is to be located as well as the provisions cited in Section 8.060 and is necessary for public convenience in the location planned.

Zoning Resolution of Bedford County § 8.060(B).

The Board approved the bed and breakfast part of the request at its September 20, 2001 meeting. The RV park proposal was deferred at a subsequent meeting and was considered at the Board's January 24, 2002 meeting. The Board denied the Lewises' request to operate an RV park as a special exception. The minutes for that meeting contain the following notation reflecting the Board's action:

3. Approve request by Ed and Shelly Lewis, 681 Rabbit Branch Rd. to run an RV Park based on the attached list of details (see below). (Donegan, Threet). Voice vote called for: Threet (yes), Yockey (no), Donegan (yes), Butler (no) Lee (no)—motion denied. Note—"No" votes were cast due to continued objections of *immediate* neighbors. (emphasis in original.)

The Lewises filed a petition for common law writ of certiorari seeking judicial review of the Board's denial of their requested special exception. The record of the proceedings before the Board consisted of an affidavit of the Zoning Compliance Officer, a letter from the Lewises, a petition from neighbors opposing the RV park, plans for the park, a "List of Items Agreed," a "List of Terms for Motion," and the minutes of three Board meetings. There was no transcript or tape recording of these meetings and no statement of the evidence or proceedings that provided more detail than the minutes excerpt set out above.

The trial court remanded the matter to the Board "for the purpose of amending and approving the minutes of the Board's meeting of January 24, 2002, for the purpose of accurately reflecting in the minutes which of the requirements set out in Zoning Resolution Section 8.060(B), if any, were found at the meeting ... not to have been met." The court's decision was based upon its determination that, according to the Zoning Resolution, the Board was required to grant the special exception if all four of the general requirements were met, but the minutes did not include enough information to determine what the grounds for denial of the exception actually were. The court further observed that "continued objections of the immediate neighbors" was not a lawful basis for denying the exception, whereas an adverse effect on the adjoining property would be, because one of the general requirements for a special exception was the absence of such an effect.

The trial court also found that parties seeking review of an administrative decision through common law writ of certiorari have the burden of "seeing that the inferior tribunal makes a complete record and transfers all papers" to the reviewing court if the writ is issued, citing *Grandt v. Trousdale County Commissioners and Trousdale County Board of Zoning Appeals,* No. 01A019001–CH–00034, 1990 WL 73919, at *4 (Tenn.Ct.App. June 6, 1990) (no Tenn. R.App. P. 11 application filed). However, the trial court also found that the Board had the obligation to take and preserve adequate minutes or otherwise

memorialize their actions, stating, "To allow a zoning board to keep inadequate minutes and thereby deny any court review of board actions would indeed deny due process."

The remand specifically did not include taking additional evidence or re-considering the application; it was for the limited purpose of adopting a set of minutes that accurately reflected the basis for the Board's denial of the application. After remand, the Board, at its November 14, 2002, meeting, according to the minutes of that meeting "accept[ed] the entire court order ... as part of the minutes" and amended the January 24, 2002 minutes on the item of the Lewises' request, as follows:

> **Yockey**—I voted "no" based on *Section 8.060 B.b.* that the request would adversely affect other property in the area in which it is located and on Section *8.060 B.c.* that the request is not within the provision of "Special Exceptions" as set forth in this ordinance.
>
> **Butler**—I voted "no" based on *Section 8.060 B.b.* that the request would adversely affect other property in the area in which it is located.
>
> **Threet**—I voted "yes" based on *Section 8.060 B.b.* that all four criteria were met, basing my vote that the request might fall under *Section 4.041 C. 16.*
>
> **Donegan**—I voted "yes" based on *Section 8.060 B.* That all four criteria were met.
>
> **Lee**—I vote "no," that three of the criteria in *Section 8.060 B.* were met but not in Subsection *b.*

The trial court subsequently found that the amended minutes reflected that the Board had lawful grounds for refusing to grant the exception, *i.e.,* that the proposed RV park would adversely affect other property in the area, and, therefore, that

the Board had not exceeded its authority in denying the special exception.

With regard to the issue of whether there was material evidence in the record to support the Board's conclusions, the trial court held that the Lewises had the burden of providing a record sufficient to determine that question, that the Lewises failed to meet that burden, and, consequently, the court was required to conclude that there was material evidence to support the Board's conclusions. The trial court dismissed the case. The Lewises appeal from that dismissal.

## II. JUDICIAL REVIEW OF BOARD DECISIONS

 The proper vehicle for judicial review of a decision of a board of zoning appeals is the common law writ of certiorari. *McCallen v. City of Memphis,* 786 S.W.2d 633, 639 (Tenn.1990); *Lafferty v. City of Winchester,* 46 S.W.3d 752, (Tenn. Ct.App.2001); *421 Corp. v. Metropolitan Gov't of Nashville,* 36 S.W.3d 469, 474 (Tenn.Ct.App.2000); *Hoover v. Metropolitan Bd. of Zoning Appeals,* 955 S.W.2d 52, 54 (Tenn.Ct.App.1997).

 The issuance of the writ is an order to the lower tribunal, here the Board, to file its record so that the court can determine whether the petitioner is entitled to relief. *Willis v. Tenn. Dep't of Correction,* 113 S.W.3d 706, 712 (Tenn. 2003); *Clark v. Metropolitan Gov't of Nashville and Davidson County,* 827 S.W.2d 312, 316 (Tenn.Ct.App.1991); *Puckett v. Broome,* 53 Tenn.App. 663, 667, 385 S.W.2d 762, 764–65 (1964). The scope of judicial review under the common law writ of certiorari is narrow and is limited to whether the inferior board or tribunal has exceeded its jurisdiction or acted illegally, arbitrarily, or fraudulently. *Willis,* 113 S.W.3d at 712; *Petition of Gant,* 937 S.W.2d 842, 844–45 (Tenn.1996) (quoting *McCallen,* 786 S.W.2d at 638, citing *Hoo-*

*ver Motor Exp. Co. v. Railroad & Pub. Util. Comm'n.*, 195 Tenn. 593, 604, 261 S.W.2d 233, 238 (1953)).

The scope of judicial review under the common law writ of certiorari also includes a determination of whether the board acted without material evidence to support its decision. *Lafferty*, 46 S.W.3d at 759; *Hoover*, 955 S.W.2d at 54; *Hoover v. Metropolitan Bd. of Housing Appeals*, 936 S.W.2d at 950, 954 (Tenn.Ct.App.1996); *Hall v. Shelby County Retirement Bd.*, 922 S.W.2d 543, 545 (Tenn.Ct.App.1995); *Davis Group (M.C.), Inc., v. Metropolitan Gov't of Nashville and Davidson County*, 912 S.W.2d 178, 180 (Tenn.Ct.App.1995); *Hemontolor v. Wilson County Bd. of Zoning Appeals*, 883 S.W.2d 613, 616 (Tenn.Ct. App.1994); *Metropolitan Air Research Testing Auth., Inc. v. Metropolitan Gov't of Nashville and Davidson County*, 842 S.W.2d 611, 619 (Tenn.Ct.App.1992). Some cases list the material evidence requirement as a separate ground for judicial review and relief, while others consider it as an indication that the board or commission did not act arbitrarily or illegally.

Thus, while judicial review under the common law writ does not involve review of the intrinsic correctness of the lower tribunal's decision, *Willis*, 113 S.W.3d at 712; *Robinson v. Traughber*, 13 S.W.3d 361, 364–5 (Tenn.Ct.App.2000); *Turner v. Board of Paroles*, 993 S.W.2d 78, 81 (Tenn.Ct.App.1999), and a reviewing court may not reweigh the evidence presented to the board, *Gallatin Hous. Auth. v. City of Gallatin*, 868 S.W.2d 278, 280 (Tenn.Ct.App.1993); *Hoover v. Metropolitan Bd. of Zoning Appeals*, 924 S.W.2d 900, 904 (Tenn.Ct.App.1996), a court is required to review the record of the board's proceeding to determine whether there is material evidence to support the board's conclusion.

When the evidentiary foundation for a local zoning board decision is challenged using the common-law writ, the sufficiency of the evidence is a question of law. Hence, the courts must review the record *de novo* without presuming that the board's finding is correct. This review does not permit the courts to reweigh the evidence or to scrutinize the intrinsic correctness of the decision. It envisions that the court will review the record independently to determine whether it contains "such relevant evidence that a reasonable mind might accept as adequate to support a rational conclusion." A decision by a local zoning board will be considered arbitrary only when there is no evidence in the record to support it.

*Lafferty*, 46 S.W.3d at 759 (citations omitted).

The trial court herein found the record filed in the court was insufficient for it to determine whether material evidence was presented which supported the Board's decision. We agree because there is no transcript or other record of the evidence presented to the board. Thus, neither the trial court nor this court can determine whether the board's conclusion that the proposed RV park would adversely affect other property in the area is based upon material evidence presented to the board. The trial court determined that the burden to provide a sufficient record lay with the Lewises. We disagree because a board or commission is required to make and preserve a record sufficient to allow effective judicial review.

### III. PROCEDURE IN REVIEW OF BOARDS AND COMMISSIONS

The procedure to be used in a common law writ of certiorari action to review the decision of a board or commis-

sion, including a local zoning board, is set out in Tenn.Code Ann. §§ 27–9–101 *et seq. Fallin v. Knox County Bd. Of Comm'rs,* 656 S.W.2d 338, 341 (Tenn.1983); *Fairhaven Corp. v. Tennessee Health Facilities Comm.,* 566 S.W.2d 885, 886 (Tenn.Ct.App. 1976) (citing *Fentress County Beer Bd. v. Cravens,* 209 Tenn. 679, 356 S.W.2d 260 (1962); *Hoover Motor Express Co.,* 195 Tenn. at 593, 261 S.W.2d at 233) (the procedural framework for review under both the common law and statutory writs appears in Ch. 9 of Title 27); *see also,* Cantrell, *Review of Administrative Decisions by Writ of Certiorari in Tennessee,* 4 MEM. ST. UNIV. L. REV 19, 19 (1977) (Chapter 9 of Title 27 provides the procedural framework for review under both the common-law and statutory writs of certiorari but does not affect the availability of either writ).[1] Thus, these procedural statutes apply to writ of certiorari proceedings challenging decisions by the Board of Zoning Appeals. *Lions Head Homeowners' Assoc. v. Metropolitan Bd. of Zoning Appeals,* 968 S.W.2d 296, 299 (Tenn.Ct.App. 1998).[2]

That set of statutes provides the answer to the question of whose responsibility it is to prepare a record sufficient for judicial review:

> Immediately upon the grant of a writ, the board or commission shall cause to be made, certified and forwarded to such court a complete transcript of the proceedings in the cause, containing also all the proof submitted before the board or commission.

Tenn.Code Ann. § 27–9–109(a).

■■■ As the statute clearly states, the Board had the responsibility to prepare a transcript of its hearing on the Lewises' request that included the evidence presented to the Board. Consequently, we must reverse the judgment of the trial court.

■■■ Where the evidence before the board has been preserved and filed with the reviewing court but the court finds that the board or commission's decision is unsupported by material evidence, the decision is generally reversed. *Davis Group,* 912 S.W.2d at 183; *Father Ryan v. City of Oak Hill,* 774 S.W.2d 184, 192 (Tenn.Ct. App.1988). Where the evidence has been preserved but the board or commission has not exercised its responsibility in accordance with legal requirements, a remand to the board for a hearing based upon the existing record of the evidence is appropriate. *Hoover, Inc.,* 955 S.W.2d at 55. In the situation before us, we conclude that the proper remedy is to vacate the order of the Board denying the Lewises' permit and a remand to the Board to take evidence and reach a decision, based on that evidence, that is capable of effective judicial review.

---

1. Anyone who may be aggrieved by any final order or judgment of any board or commission functioning under the laws of this state may have the order reviewed by the courts, where not otherwise specifically provided, in the manner provided by this chapter.
Tenn.Code Ann. § 27–9–101.

2. In fact, the statute of limitations found in Tenn.Code Ann. § 27–9–102 has been used by local zoning boards to obtain dismissal of a petition for writ of certiorari that did not meet the timeliness requirements. *Shafer v. City of Dickson,* No. M2000–03175–COA–R3–CV, 2002 WL 1787952, at *5 (Tenn.Ct.App. Aug. 2, 2002) (no Tenn. R.App. P. 11 application filed); *Kielbasa v. Wilson Co. Bd. of Zoning Appeals,* No. M1999–01155–COA–R3–CV, 2000 WL 546367, at *2 (Tenn.Ct.App. May 5, 2000) (no Tenn. R.App. P. 11 application filed); *Levy v. Bd. of Zoning Appeals,* No. M1999–00126–COA–R3–CV, 2001 WL 1141351, at *4–5 (Tenn.Ct.App. Sept. 27, 2001) (no Tenn. R.App. P. 11 application filed).

Consequently, we reverse the decision of the trial court affirming the Board's decision, vacate the Board's decision, and remand the matter to the Board for a new hearing in which the Board will keep a record that complies with Tenn.Code Ann. § 27–9–109(a). Costs of this appeal are taxed to the appellee, the Bedford County Board of Zoning Appeals.